IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| **CONTAINER LIFE CYCLE MANAGEMENT, LLC,** *et al.***,** | :<br>:<br>: Case No. 6:20-CV-6001<br>: <br>: Judge Robert T. Dawson |
| Plaintiffs, | |
| v. | :<br>: |
| **SAFETY MANAGEMENT SERVICES COMPANY,** *et al.***,** | :<br>:<br>: |
| Defendants. | : |

**PLAINTIFFS' MOTION TO COMPEL
NON-PARTY WILLIAM KRAMER'S SUBPOENA RESPONSE,
LEAVE TO CONDUCT A SECOND DEPOSITION OF MR. KRAMER,
MOTION TO COMPEL ANSWERS, AND MOTION FOR CONTEMPT**

Pursuant to Fed. R. Civ. P. 37 and 45, Plaintiffs Container Life Cycle Management LLC ("CLCM") and Greif, Inc. ("Greif") (collectively, "Plaintiffs") hereby move this court to compel non-party Will Kramer ("Kramer") to produce all documents responsive to the November 18, 2021 subpoena (the "Subpoena") (attached as Exhibit 1 to the Declaration of Kara M. Mundy (hereinafter, "Mundy Decl."), attached hereto as Exhibit A) or, in the alternative, to find Kramer in contempt of the Court's January 3, 2022 Order (Doc. 55). Plaintiffs also seek leave to take a second deposition of Kramer following his compliance with the Subpoena, and ask this Court to order Kramer to answer questions to which he inappropriately refused to answer during his February 11, 2022 deposition. Finally, Plaintiffs seek sanctions in the amount of their fees and costs in connection with bringing this motion.

1

## I. BACKGROUND

### A. *Kramer refuses to provide documents responsive to the Subpoena, despite the fact that his motion to quash – and his objections to the Subpoena – have already been overruled by this Court.*

Kramer was served with a subpoena for documents on November 18, 2021. On November 30, 2021, Kramer submitted to the jurisdiction of this Court by moving to quash the Subpoena. (Doc. 48.) The Subpoena sought documents and communications that are directly relevant to Plaintiffs' claims. Kramer argued the Subpoena should be quashed for a variety of reasons, including irrelevance and undue burden. Specifically, Kramer argued that because he had already produced most of the requested documents in different litigation with different parties—*Tennessen v. Greif, Inc. et al.*, Case No. 17-cv-12576—he should not be required to do so again. He also asserted that "spending the time collecting and producing" the relevant documents would "pose a completely unnecessary and undue burden." (Declaration of Will Kramer ("Kramer Decl."), Doc. 49.)

The Court disagreed and denied the motion to quash. (Doc. 55.) The court overruled each of Kramer's objections to the Subpoena, and held that the Subpoena did not impose an undue burden on Kramer. (*Id.*) Following the Court's Order, Counsel for Plaintiffs contacted Kramer via email on January 3, 2022, and stated that, in light of the Order, they would overnight a hard drive to Kramer, along with a postage pre-paid return envelope. (Jan. 3-5, 2022 email chain, attached to Mundy Decl. as Exhibit 2; *see also* Deposition Excerpts of Will Kramer ("Kramer Dep."), attached to Mundy Decl. as Exhibit 3, 93:7-15.) In response, Kramer stated that it was his "understanding that the denial of [his] motion to quash is not the same as an order from the Court to comply with [Plaintiffs'] subpoena, and [he] reiterate[d] [his] objections." (*See* Mundy Decl., Ex. 2.) After Plaintiffs' counsel sought clarification, Kramer stated that he would not be producing

documents "beyond what [he] provided in response to the *Tennessen* subpoena," that he would produce limited documents in response to Request 6, and that he would "not produce documents beyond that on the basis of [his] prior objections." (*See* Mundy Decl., Ex. 2.)

During his February 11, 2022 deposition, Kramer reiterated his position that although the court denied his motion to quash, it did not require him to comply with the Subpoena:

> A: According to my research, the proper procedure and what is often done when someone files an opposition to a motion to quash or a motion to compel is to also request an order to comply with the subpoena, and that was not done, and there was no order.
>
> Q: So your position as a practicing attorney is that if someone receives a subpoena and the objections have been overruled by the judge presiding over the case, that an attorney who is served with a subpoena still does not have to comply with the terms of that subpoena?
>
> A: Correct.

(Mundy Decl., Ex. 3, Kramer Dep. 93:24-94:11.) Kramer admitted in his deposition that although he had already provided defense counsel with *most* of the documents sought by the Subpoena he would not produce them to Plaintiffs without an order from the Court. (Mundy Decl., Ex. 3, Kramer Dep. 145:6-22.)

### B. *Kramer inappropriately refused to answer questions during his deposition.*

During Kramer's deposition, Plaintiffs' counsel sought to determine which government officials and agencies Kramer has communicated with related to CLCM and Greif, and when such communications took place. Kramer replied that he had been communicating with someone on the staff of U.S. Senator Tammy Baldwin, including most recently the week of his deposition. (Mundy Decl., Ex. 3, Kramer Dep. 191:11-15.) Kramer, however, refused to answer any questions about these communications, despite the fact that the communications were not privileged in any way and are clearly discoverable:

3

Q: When is the last time you've been in contact with anyone from Senator Baldwin's office most recently?

A: This week.

Q: And were your attorneys at Kohn present when you had that contact?

A: No.

Q: Did they participate on the phone call?

A: No.

Q: All right. Tell me about that conversation that you had with whoever you spoke within Ms. Baldwin's office.

A: I don't think I will.

Q: Under what basis?

A: I don't know. I don't–I'm not going to tell you what's going on with the government investigation. It's not related to this.

Q: The government investigations that you triggered by disclosing information in the newspaper, you're asserting are not relevant to this case?

A: Not relevant now to the basis of this case.

Q: What did you talk with–who did you talk with in Senator Baldwin's office this week?

A: What's her name? Colleen something.

Q: And tell me what you talked about.

A: No thanks.

Q: Look into the camera, and tell the judge you're refusing to answer that question.

A: Okay. I am refusing to answer that question.

Q: And what is the basis on which you're refusing to answer that question? Tell the judge.

A: Because this company is intentionally – essentially murdering people, and they're using this as a way to find out what the government is doing, and I don't

4

    think that's appropriate.

    Q: Anything else?

    A: No.

(Mundy Decl., Ex. 3, Kramer Dep. 192:10-193:25.)  When Plaintiffs' counsel asked about another exchange between Kramer and Senator Baldwin's office, Kramer refused to answer two more times.  (*Id.* at 194:16-23, 196:5-8.)

## II.    LAW AND ARGUMENT

### A. *Kramer should be compelled to produce all documents responsive to the Subpoena.*

Rule 45 of the Federal Rules of Civil Procedure permits a party to serve on any person, including a non-party, a subpoena requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Rule 45 incorporates the discovery standards sets forth in Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 45(d)(2)(B), "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required[1] for an order compelling production or inspection."  And such a motion is the appropriate vehicle to compel a non-party to comply with a subpoena.  *See Luman v. FCA US LLC*, No. 6:18-cv-06113, 2019 U.S.

---

[1] In light of the fact that Kramer previously consented to this Court's jurisdiction by filing his motion to quash the Subpoena in the Western District of Arkansas, and the Court issued a decision on his objections, Plaintiffs have filed their motion to compel in this Court as well.  *See St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1169 (D. Or. 2015) ("[I]t would violate fundamental principles of both fairness and efficient judicial case management to allow a nonparty subpoena recipient to challenge the subpoena twice—first in the court where compliance is required and then, if the nonparty is dissatisfied with the ruling on the merits, to request that the discovery dispute be transferred to the issuing court so that the nonparty may try for a different merits ruling before a different judge.").

Dist. LEXIS 126603, at *1 (W.D. Ark. July 30, 2019) (granting motion to compel discovery directed against non-party); *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-668 (MJD/LIB), 2014 U.S. Dist. LEXIS 200897, at *11 (D. Minn. Jan. 17, 2014) (noting that "pursuant to Rule 45(g), a court may order the subpoenaed party to comply with the subpoena"); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, No. 4:14-CV-04092-LLP, 2016 U.S. Dist. LEXIS 106002, at *16 (D.S.D. Aug. 11, 2016) (granting in part motion to compel discovery directed against non-party). Additionally, Rule 45(g) states that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Plaintiffs have attempted to work with Kramer to obtain responsive documents to the Subpoena. Nevertheless, Kramer is refusing to comply with the Subpoena based on objections that have already been overruled by this Court. Furthermore, the few documents that Kramer has produced, as well as his deposition testimony, undercut his objections. Kramer has been voluntarily collecting, compiling, and sending relevant documents to Defendants since 2020. In a January 2020 email to Defendants' in-house counsel, Kramer set up a Dropbox to voluntarily share documents with Defendants that he had "compiled piecemeal over the years." (Jan 17, 2020 Email, attached to Mundy Decl. as Exhibit 4.) Since then, Kramer has continued to volunteer information, cooperate with counsel for Defendants, and produce documents to Defendants – some of the same documents that Kramer claims to be an undue burden to produce to Plaintiffs. (*See e.g.,* Oct. 26, 2021 email (Kramer attaching and sending inspection notes and citations to counsel for Defendants; Oct. 25, 2021 email chain (attaching and sending documents to counsel for Defendants related to the EPA), attached to Mundy Decl. as Exhibits 5 and 6.)

Additionally, Kramer's deposition testimony further demonstrates that he has *already* collected and produced most of the documents sought, such that he cannot now claim it is unduly burdensome to provide *the same information* to Plaintiffs.

> Q: Just to be very clear, you were issued a subpoena for all your records related to all of the activity that you did in preparing Exhibit 7 and Exhibit 10 and all the information you collected from Greif and CLCM, and you were asked in a subpoena in this case to provide that information to the plaintiffs, right?
>
> A: Yes.
>
> Q: And you have refused to provide that information to the plaintiffs?
>
> A: Yes.
>
> Q: You have, however, voluntarily provided that same information to defendants and their counsel?
>
> A: Again, not fully, not in the same way, but yes. Some materials I provided to them, yes.
>
> Q: Would you say most of it?
>
> A: Yes.

(Mundy Decl., Ex. 3, Kramer Dep. 145:6-22; *see also* Mundy Decl., Ex. 3, Kramer Dep. 91:12-16 ("Q: So whatever you had gathered in connection with your collection of information and material related to Greif and/or the CLCM facilities, whatever you had you gave it to Mr. Williams [Defendants' in-house attorney]? A: I think so, yes.").)

Consequently, any representation by Kramer that collecting these responsive documents would be too burdensome rings hollow, as he has already collected and provided many of those documents to lawyers for the defendants and has had meetings with them on multiple occasions to discuss the documents. (*See* Mundy Decl., Ex. 3, Kramer Dep. 91:24-92:6; 103:8-110:14.) As such, Kramer should be compelled to provide documents responsive to the Subpoena.

> **B. *Plaintiffs should be granted leave to conduct a second deposition of Mr. Kramer once they receive the relevant documents and Mr. Kramer should be compelled to answer the questions he previously refused to answer.***

Under Rule 37(a)(3)(B), a party may move for an order to compel if a deponent fails to answer a question. Discovery may be compelled if the information sought is relevant to any party's claim or defense." *Id.* (citing Fed. R. Civ. P. 26(b)(1)).

Here, Kramer's refusal to answer questions regarding his communications with government officials or employees is inappropriate, as the information is clearly discoverable. Pursuant to Fed. R. Civ. P. 30(c)(2), an objection by counsel (or in this case by Kramer since he opted to represent himself), may be noted on the record but an answer must be given. The only exceptions in which a deponent shall not answer a deposition question is (1) when necessary to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion under Rule 30(d)(3). *Golden Harvest v. Davis*, No. 4:07-cv-04096, 2009 U.S. Dist. LEXIS 152628, at *6 (W.D. Ark. Apr. 3, 2009) (citing Fed. R. Civ. P. 30(c)(2)). It is clear none of the reasons set forth under Fed. R. Civ. P. 30(c)(2) have been met, nor did Kramer assert such grounds for refusing to answer these questions.

Accordingly, Plaintiffs request leave to take a second deposition, following production of the documents responsive to the Subpoena, as well as an order compelling Kramer to answer any questions that do not meet any of the relevant exceptions articulated in Fed. R. Civ. P. 30(c)(2), including his communications with various government officials or employees.

> **C. *Kramer should pay Plaintiffs' fees and costs incurred in bringing this motion.***

Where a motion to compel is properly made and is granted, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5); *see also Patel v. N.Y. Life Ins. Co.*, No. 4:10-CV-04195, 2014 U.S. Dist. LEXIS 167017, at *3 (W.D. Ark. Dec. 1, 2014). Kramer is not a pro se litigant; instead, he is a licensed attorney admitted to practice law in the State of Wisconsin and in federal court. While leniency may be granted to pro se litigants, that leniency should not be extended here, as Kramer is fully aware of his obligations to respond to the Subpoena—especially in light of this Court's order that already found his objections were without merit. Kramer is—or should be—aware of his obligation to fully answer questions asked of him in a deposition that seeks discoverable information. As such, this Court should grant Plaintiffs' fees and costs incurred in bringing this motion.

### III. CONCLUSION

For the foregoing reasons, (1) Kramer should be compelled to produced documents in response to the Subpoena; (2) Plaintiffs should be granted leave for a second deposition of Kramer and he should be compelled to answer all relevant and non-privileged questions; and (3) Plaintiffs should be awarded its fees and costs in connection with this motion.

Respectfully Submitted,

| | |
|---|---|
| VORYS, SATER, SEYMOUR AND PEASE LLP | MCMILLAN, MCCORKLE & CURRY, LLP |
| John M. Kuhl (Ohio Bar #0080966) | 929 Main Street |
| (Pro Hac Vice) | P.O. Box 607 |
| Kara M. Mundy (Ohio Bar #0091146) | Arkadelphia, AR 71923 |
| (Pro Hac Vice) | Phone: (870) 246-2468 |
| 52 E. Gay Street, P.O. Box 1008 | Fax: (870) 246-3851 |
| Columbus, Ohio 43216 | curry@mtmc-law.com |
| Phone: (614) 464-6400 | |
| Fax: (614) 719-4709 | |
| jmkuhl@vorys.com | |
| kmundy@vorys.com | |

By: */s/ Kara M. Mundy*
Kara M. Mundy (Ohio Bar #0091146)
(Pro Hac Vice)
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on this 8th day of March, 2022, a true and accurate copy of the foregoing was served upon counsel of record via the Court's e-filing system and upon Mr. Will Kramer via email at wnkramer@gmail.com pursuant to Mr. Kramer's agreement to accept service via email.

*/s/ Kara M. Mundy*
Kara M. Mundy (0091146)